The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
DC RISK SOLUTIONS, INC.

**DEFENDANTS**
NANCY FROST, an individual

**(b)** County of Residence of First Listed Plaintiff San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Francisco County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Charles L. Thompson IV
Kauff McClain & McGuire LLP
One Post Street, Suite 2600
San Francisco, CA 94104

Attorneys (If Known)

E-filing

BZ

ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State. | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R.& Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA(1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Computer Fraud Abuse Act 18 U.S.C. § 1030
Brief description of cause:
Destruction of company property.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** Injunction
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE
June 12, 2008

SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com

4842-3846-6050.1

1  CHARLES L. THOMPSON IV (State Bar No. 139927)
   Email: thompson@kmm.com
2  CORINN JACKSON (State Bar No. 239275)
   Email: jackson@kmm.com
3  KAUFF MCCLAIN & MCGUIRE LLP
   One Post Street, Suite 2600
4  San Francisco, California 94104
   Telephone:   (415) 421-3111
5  Facsimile:    (415) 421-0938

6  Attorneys for Plaintiff
   DC RISK SOLUTIONS, INC.          E-filing          *BZ*
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                   CV    08    2948

11 DC RISK SOLUTIONS, INC.,            CASE NO.

12              Plaintiff,             **COMPLAINT FOR DAMAGES AND
                                       INJUNCTIVE RELIEF**
13 v.

14 NANCY FROST, an individual,

15              Defendant.

16

17         Plaintiff DC RISK SOLUTIONS, INC. ("DC RISK"), by its attorneys and as

18 its Complaint for Injunctive and Other Relief against Defendant NANCY FROST

19 ("FROST"), hereby alleges as follows:

20                    **NATURE OF THE CONTROVERSY**

21         1.      In this action, DC Risk Solutions seeks:  injunctive relief to remedy

22 violations of the Computer Fraud Abuse & Protection Act ("CFAA"), 18 U.S.C. § 1030, et

23 seq.; damages and injunctive relief for Frost's breach of fiduciary duty; damages and

24 injunctive relief based on Frost's violations of the California Uniform Trade Secrets Act,

25 Cal. Civ. Code § 3426, et seq.; damages and injunctive relief based on Frost's breach of

26 the non-solicitation and confidentiality provisions of her Employment Agreement;

27 damages and injunctive relief against Frost for unfair competition, conversion, and unjust

28 enrichment; and damages and injunctive relief against Frost for tortious interference with

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1 | contract.

2 |     2.     More specifically, DC Risk seeks temporary and permanent injunctive relief
3 | and other damages against Frost because, while still employed by DC Risk, Frost: (a)
4 | intentionally stopped relaying to DC Risk confidential information regarding DC Risk
5 | clients; (b) misappropriated DC Risk's confidential information for her personal use and
6 | that of her new employer; (c) sabotaged a DC Risk laptop so that DC Risk would be
7 | deprived of important confidential information and trade secrets, thereby rendering DC
8 | Risk unable to compete with Frost on a level playing field; and (d) conspired with her
9 | employer to target and unlawfully solicit DC Risk clients. After her resignation, for which
10 | she gave 45 minutes notice, Frost unlawfully solicited DC Risk clients.

11 | **PARTIES**

12 |     3.     At all times alleged herein, Plaintiff is and was a corporation organized
13 | under the laws of the State of California, with its principal place of business located at
14 | One Embarcadero Center, Suite 500, San Francisco, California. DC Risk is the former
15 | employer of Frost.

16 |     4.     Defendant Nancy Frost ("Defendant") was and is a resident of the State of
17 | California, and resides in San Francisco, California. Frost is a former employee of DC
18 | Risk. The acts complained of took place in the State of California.

19 | **JURISDICTION AND VENUE**

20 |     5.     This court has jurisdiction over Count I pursuant to 28 U.S.C. §1331
21 | because that Count arises under a federal statute, specifically 18 U.S.C. §1030, et seq.
22 | The Court has supplemental jurisdiction over the remaining Counts pursuant to 28
23 | U.S.C. §1367.

24 |     6.     Venue is proper in the Northern District of California pursuant to 28 U.S.C.
25 | §1391(a)(1) because Defendant Frost is a resident of the District. Frost resides in San
26 | Francisco, California, within this District. Venue is also proper in the Northern District of
27 | California pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events
28 | giving rise to the causes of action occurred in this District.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1

## GENERAL ALLEGATIONS

2      7.    DC Risk Solutions, Inc. (www.dcrisksolutions.com) provides healthcare

3   insurance and reinsurance consulting services for the healthcare industry. It is based in

4   San Francisco, California.

5      8.    Defendant Nancy Frost joined DC Risk Solutions on or about June 6, 2005,

6   as Senior Vice-President. Her primary responsibility was to provide employee benefit

7   consulting services to DC Risk clients. Frost provided consulting services regarding

8   health insurance, vision and dental plans, short and long-term disability programs, life

9   insurance, and related programs.

10     9.    Frost signed an Employment Agreement, effective June 6, 2005. Section 5

11   ("Confidential Information") and Section 6 ("Disclosure") of the Agreement prohibited

12   Frost from using and/or disclosing DC RISK 's confidential and trade secret information.

13   Section 7 ("Nonsolicitation") prohibited Frost from using DC RISK 's confidential and

14   trade secret information to solicit DC RISK ' clients. Frost and DC RISK entered into the

15   Employment Agreement in San Francisco, California. A true and correct copy of Frost's

16   Employment Agreement is attached hereto as **Exhibit A**.

17     10.   As Senior Vice-President, Frost had access to DC RISK 's confidential and

18   trade secret information. This information included the names of decision-makers and/or

19   contacts; the types of insurance in which they were interested or required; the premium

20   from the prospect and/or client; DC Risk's estimated commission income from the client

21   stated in total dollar terms and as a percentage of premium; the close date on business;

22   actual communications between DC Risk and prospects and/or clients; records of sales

23   calls; unique insurance requirements or issues faced by the prospect and/or client;

24   marketing materials targeted toward particular prospects and/or clients; and renewal

25   dates.

26     11.   This information was to be developed and maintained for the exclusive

27   benefit of DC Risk because DC Risk both supported and paid for it.

28     12.   This information was not generally known to the public or the insurance

- 3 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                           CASE NO.

1   brokerage industry, nor readily obtainable. Development and compilation of this

2   information requires much time, effort and cost, including but not limited to producer

3   salaries, hardware, software, telephone and marketing costs.

4       13.     For these reasons, the information is of great value to DC Risk and

5   provides it with a distinct commercial advantage over competitors. For example,

6   knowing the premiums a customer pays for its policies tells a producer what price it must

7   beat. Knowing the estimated commission income from a customer is critical to

8   determining the resources to be devoted to that business. Knowing DC Risk's

9   commission revenue would permit its competitors to underbid it for the business.

10  Knowing the renewal dates of a policy allows a producer to know precisely when to

11  target her sales efforts. Knowing the decision makers and key contacts within the

12  organization allows a competitor to focus its time, effort, and other resources on those

13  individuals. Knowing the customer's underwriter also suggests premium, commission

14  and product information that aid the producer in developing competitive bids. Knowing a

15  customer's particular insurance requirements or issues permits a producer to better

16  service the customer and/or select insurance products suited to that customer. Knowing

17  which customers purchase which types of products permits a producer to target only

18  those businesses in a given industry that have a propensity to purchase the insurance

19  products at issue. Similarly, knowing this information would permit a competitor to cull

20  particular clients without making the same expenditure of time and resources as DC

21  Risk.

22      14.     DC Risk took reasonable steps to maintain the confidentiality of its

23  information by (a) requiring employees to secure and maintain the information on

24  password protected computers; and (b) requiring each employee to sign an agreement

25  acknowledging and protecting the confidentiality of the information.

26      15.     Though Frost had authority to use and access the laptop DC Risk provided

27  her for the purpose of compiling and maintaining the Information for DC Risk's benefit,

28  she did not have authority to access any computer, including her DC Risk laptop, or the

- 4 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                          CASE NO.

1  Information for her own account or that of a competitor. Nor did Frost have authority to

2  delete or tamper with DC Risk-related information, data or documents resident thereon.

## MATERIAL TERMS OF THE AGREEMENT

4  16.    As a condition precedent to her employment, DC Risk required Frost to

5  sign the Employment Agreement ("Agreement") on June 6, 2005. A true and correct

6  copy of the Agreement is attached as **Exhibit A** and incorporated into this Complaint by

7  reference.

8  17.    The Agreement contains, inter alia, a confidentiality clause prohibiting Frost

9  from disclosing and/or using DC Risk's confidential information except for purposes of

10  performing her duties as DC Risk Vice President. (Exhibit A, ¶5).

11  18.    The Agreement also contains a non-solicitation provision that prohibits

12  Frost after her employment with DC Risk from soliciting DC Risk's customers,

13  particularly using confidential and or trade secret information. (Exhibit A, ¶7).

## FROST'S WRONGFUL CONDUCT

15  19.    Prior to the date of Frost's voluntary termination, for which she gave 44

16  minutes notice, Frost began serving the interests of herself and her future employer,

17  Lawson-Hawks Insurance Associates ("Lawson-Hawks"). Lawson-Hawks directly

18  competes with DC Risk.

19  20.    On February 6, 2008, Jon Hilgers, Senior Vice President for New Business

20  Development at Lawson-Hawks, sent Frost an electronic message. In the email, Hilgers

21  informed Frost that he was attaching an employment offer. He also told Frost that he

22  "assume[d] you are doing housework consistent with our conversation yesterday." The

23  employment offer proffered Frost the position of Vice President, Employee Benefits.

24  21.    On February 18, 2008, at approximately 12:11 p.m., on behalf of DC Risk,

25  Frost received a proposal from Sutter Health Wellness ("SHW"). DC Risk had solicited

26  this proposal from SHW to present and offer new services to its client, Eskaton. Frost

27  became aware of and familiar with SHW only as a result of her employment with DC

28  Risk. Frost became aware of DC Risk's intent to offer Eskaton these new services only

- 5 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    CASE NO.

1    as a result of her employment with DC Risk. Frost became aware of Eskaton's
2    receptivity to hearing and learning about these services only as a result of her
3    employment with DC Risk. DC Risk was scheduled to present these potential services
4    to Eskaton on February 29, 2008.

5        22.    On February 18, 2008, Frost deleted the email and proposal from SHW
6    from her laptop. On information and belief, Frost maintained a copy of the proposal for
7    herself. Frost did not inform DC Risk that she had received the SHW proposal. Frost
8    destroyed DC Risk property despite being aware that DC Risk intended to present the
9    SHW proposal to Eskaton on February 29, 2008, and despite holding the position of
10   Senior Vice President of DC Risk.

11       23.    On February 18, 2008, at approximately 12:49 p.m., Frost asked
12   Prescription Solutions via email to "pull together the most recent reports for Eskaton and
13   send them to" her home address. Prescription Solutions provides pharmacy
14   management programs to Eskaton. At 4:11 p.m., Frost asked Prescription Solutions for
15   the User ID and Password so she could access Eskaton's information directly from the
16   internet. Frost diverted confidential client information despite holding the position of Vice
17   President of DC Risk.

18       24.    On February 18, 2008, Frost prepared and mailed letters of solicitation to
19   DC Risk clients, including but not limited to Eskaton, McHenry Medical Group, Sutter
20   Coast Hospital, and Palo Verdes Hospital. Frost used DC Risk time and resources to
21   prepare and send these letters. Frost's letters of solicitation specifically described
22   Lawson-Hawks services: "LHI's acclaimed Healthcare Specific practice . . . accentuates
23   exemplary client servicing and provides me with a level of support that frees me to be a
24   greater resource to my clients. I anticipate a much greater capability to provide clients
25   with a depth of personnel and resources for their Employee Benefits issues." Frost's
26   letters of solicitation also specifically invited the recipients to contact her: "If I can be of
27   any assistance, do not hesitate to contact me at your convenience. I can be reached at
28   650.814.9534. Please note, this is a new cell phone number for me." A true and correct

- 6 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

CASE NO.

1   copy of Frost's solicitation letter is attached as **Exhibit B** and incorporated into this
2   Complaint by reference.

3       25.     On February 18, 2008, at 4:16 p.m., Frost informed DC Risk in electronic
4   correspondence that she was resigning, effective the next day, Tuesday, February 19,
5   2008.

6       26.     On February 19, 2008, DC RISK sent correspondence to Frost, reminding
7   her that her employment contract and California law prohibited her from using and/or
8   disclosing DC RISK's confidential and trade secret information.  DC RISK also asked
9   that she return all DC RISK client files.

10      27.     On February 19, 2008, DC Risk learned that all emails in Frost's company
11  e-mail account except those that were to and/or from Frost and other DC RISK
12  employees had been deleted.  All e-mail folders for clients, except for one, were empty.
13  All client contacts had been deleted.  Frost's "deleted" email folder was empty, as was
14  her "sent" email folder.

15      28.     On February 19, 2008, Frost further unlawfully solicited Eskaton by
16  contacting Eskaton's Director of Compensation and Benefits.  Frost told the Director of
17  Compensation that she should be receiving a call from the Chief Executive Officer of
18  Eskaton.  On Frost's behalf, Lawson-Hawks spoke with Eskaton's Chief Executive
19  Officer.  Later on February 19, 2008, the Director of Compensation contacted Frost, told
20  her she had spoken to the Chief Executive Officer, and told her the two would be able to
21  continue working together.

22      29.     On February 19, 2008, DC Risk client McHenry Medical Group notified DC
23  Risk that it had received a letter that described the services Lawson-Hawks provided and
24  informed McHenry that Frost had joined Lawson-Hawks.  McHenry Medical Group also
25  informed DC Risk that it had received a "Broker of Record" form so that McHenry could
26  change its insurance broker from DC Risk to Lawson Hawks.

27      30.     On February 20, 2008, DC RISK client Eskaton informed DC RISK that it
28  was moving its business from DC RISK to Lawson-Hawks.  Eskaton informed DC RISK

- 7 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    CASE NO.

1    that it had received and signed a Broker of Record form the previous day.

2    31.    On February 20, 2008, DC Risk client Sutter Coast Hospital informed DC

3    Risk that it was moving its business from DC Risk to Lawson-Hawks as a result of

4    discussions with Frost.

5    32.    The misappropriation and unlawful use of Plaintiff's confidential and trade

6    secret information has proximately caused extraordinary harm to Plaintiff, as it has

7    allowed Frost to unfairly compete with DC RISK by use of this misappropriated

8    information.

9                                **COUNT I**

10    **VIOLATION OF COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030**

11    33.    For its paragraph 33 of Count I, DC Risk adopts and re-alleges paragraphs

12    1-32 above as though fully set forth herein.

13    34.    Frost knowingly and intentionally caused damage without authorization to a

14    "protected computer" as that term is defined in 18 U.S.C. § 1030(e)(2)(B).  Frost used

15    the laptop in interstate commerce, including in connecting with providing services to

16    Grays Harbor Community Hospital in Washington State.

17    35.    On or about February 18, 2008, Frost accessed her DC Risk laptop

18    computer and transmitted numerous commands to delete all DC Risk information and

19    property on that laptop.  The commands transmitted to delete these files and data did in

20    fact cause damage, as that term is defined in 18 U.S.C. § 1030(e)(8), because they

21    caused impairment to the integrity or availability of data, a program, a system, or

22    information.

23    36.    The damage caused by Frost's actions above caused losses to DC Risk in

24    the aggregate of at least $5,000.00.  Specifically, the reasonable cost to DC Risk,

25    including the cost of responding to Frost's offense, conducting a damage assessment,

26    and attempting to restore the data and information to its condition prior to the offense,

27    along with the revenue lost by the inability to utilize that data has exceeded $5,000.00.

28    37.    The total amount of damages to DC Risk as a result of Frost's violation of

- 8 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    CASE NO.

1    CFAA is an amount to be determined at trial.  In addition, DC Risk also seeks injunctive

2    relief to restore and return the damaged data and information, and to protect its

3    confidential and proprietary information and goodwill.

4         WHEREFORE, Plaintiff DC RISK SOLUTIONS, INC. respectfully requests

5    that this Court enter judgment in its favor and against Defendant FROST, and for an

6    Order:

7         (1) compelling Frost, and all others in active concert or participation with

8    her, including Lawson-Hawks, to retrieve and return all copies, whether in hard or

9    electronic form, of any portion of the DC Risk information, she removed, deleted, or

10   impaired;

11        (2) preliminarily and permanently enjoining Frost, and all those in active

12   concert or participation with her, including Lawson-Hawks, from directly or indirectly

13   making use of any information deleted, erased or otherwise impaired on the DC Risk

14   Laptop in soliciting or servicing insurance business from any DC Risk clients;

15        (3) awarding DC Risk its actual damages;

16        (4) awarding DC Risk the reasonable costs and attorneys' fees incurred in

17   bringing this action; and

18        (5) awarding any other legal or equitable relief that this Court deems

19   appropriate under the circumstances.

20                              **COUNT II**

21                        **BREACH OF CONTRACT**

22        38.    For its paragraph 38 of Count II, DC Risk adopts and re-alleges

23   paragraphs 1-38 above as though fully set forth herein.

24        39.    Upon being hired by Plaintiff, Frost agreed in writing to be bound by the

25   terms of a written Employment Agreement ("Agreement"), a copy of which is attached

26   hereto as **EXHIBIT A**.  The Agreement was supported by adequate consideration,

27   namely the executory promises made by Frost in the Agreement, and DC Risk's

28   employment of Frost.  DC Risk fully performed all of its obligations pursuant to the

- 9 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                              CASE NO.

1   Agreement, including any conditions precedent thereto.

2   40.    As set forth in the Employment Agreement, Frost agreed not to disclose or

3   use any of Plaintiff's confidential and trade secrets after her employment ended. Such

4   confidential information included but was not limited to "customer lists, customer

5   information, [and] pricing information." Frost specifically agreed not to solicit DC RISK's

6   customers using trade secret and confidential information.

7   41.    Frost's activities as described above in Paragraphs 19-32 constitute

8   material breaches of the Agreement.

9   42.    Frost's breaches of the Agreement, as described above, have directly and

10  proximately caused DC Risk actual damages, including but not limited to foreseeable

11  lost commissions.

12  43.    Further, Frost's conduct as described above has irreparably harmed DC

13  Risk. The monetary value of the loss of DC Risk's information cannot be ascertained or

14  compensated with monetary damages. Specifically, there is no means of placing a

15  dollar value on:  the confidential information stolen by Frost; the competitive advantage

16  to DC Risk if the information had remained confidential; or the potential revenue Frost

17  would have enjoyed over the years but for Frost's breach.

18  44.    The harm that DC Risk has suffered, and will continue to suffer, as a result

19  of Frost's misconduct outweighs any potential harm Frost may suffer as a result of the

20  injunctive relief that DC Risk seeks.

21  45.    Frost cannot be allowed to profit or benefit from the wrongful activities and

22  breaches of her fiduciary duties and, therefore, any fruits of those activities should be

23  held in constructive trust for the benefit of DC Risk.

24  WHEREFORE, Plaintiff DC RISK SOLUTIONS, INC. respectfully requests

25  that this Court enter judgment in its favor and against Defendant FROST, and for an

26  Order:

27  (1) preliminarily and permanently enjoining Frost, and all others in active

28  concert or participation with her, from directly or indirectly soliciting or servicing

- 10 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    CASE NO.

1   insurance business using any of the information taken and/or destroyed by Frost

2   (2) compelling Frost, and all others in active concert or participation with

3   her, including Lawson-Hawks, to retrieve and return all copies, whether in hard or

4   electronic form, of any portion of the DC Risk information, she removed, deleted, or

5   impaired;

6   (3) enjoining Frost's use or disclosure of same;

7   (4) awarding DC Risk its actual damages;

8   (5) awarding DC Risk the reasonable costs and attorneys' fees incurred in

9   bringing this action;

10   (6) imposing a constructive trust on all proceeds and commissions from

11   any business placed on behalf of Eskaton, Palo Verdes Hospital, and Sutter Coast

12   Hospital; and

13   (7) awarding any other legal or equitable relief that this Court deems

14   appropriate under the circumstances.

15   **COUNT III**

16   **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

17   46.    For its paragraph 46 of Count III, DC Risk adopts and re-alleges

18   paragraphs 1-45 above as though fully set forth herein.

19   47.    DC RISK has established economic relationships with various clients that

20   economically benefited DC RISK and of which Frost has knowledge.  Defendant

21   engaged in intentional acts designed to and that did disrupt those relationships, including

22   but not limited to DC RISK's economic relationship with Eskaton, Palo Verdes, and

23   Sutter Coast.  Defendant Frost disrupted DC RISK's economic relationships by

24   wrongfully using Plaintiff's confidential and trade secret information to solicit the business

25   of DC RISK's valuable customers.  This conduct is wrongful in that it constitutes a

26   breach of the Employment Agreement and Frost's fiduciary duties and violates

27   applicable law prohibiting the misappropriation of Plaintiff DC RISK's confidential and

28   trade secret information.

- 11 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                          CASE NO.

1    48.    As a result of Frost's intentional interference, Plaintiff has suffered and will

2    continue to suffer economic loss, including a loss of profits from the diversion of

3    business and a loss of good will.

4    49.    At all times herein mentioned, the aforesaid acts of Defendant Frost were

5    willful, oppressive, fraudulent, and/or malicious, in that she knew of the contractual and

6    economic relationships existing between DC RISK and its customers and nevertheless

7    set out on a course of conduct designed to interfere intentionally with those contractual

8    and economic relationships in conscious disregard of Plaintiff's interest in those

9    relationships.  As a result of this conduct, Plaintiff DC RISK is entitled to an award of

10   punitive or exemplary damages in an amount sufficient to punish or set an example of

11   Defendant Nancy Frost.

12   50.    Frost's breaches of her fiduciary duties, as described above, have directly

13   and proximately caused DC Risk actual damages, including but not limited to

14   foreseeable lost commissions.

15   51.    Further, Frost's conduct as described above has irreparably harmed DC

16   Risk.  The monetary value of the loss of DC Risk's information cannot be ascertained or

17   compensated with monetary damages.  Specifically, there is no means of placing a

18   dollar value on:  the confidential information stolen by Frost; the competitive advantage

19   to DC Risk if the information had remained confidential; or the potential revenue Frost

20   would have enjoyed over the years but for Frost's breach.

21   52.    The harm that DC Risk has suffered, and will continue to suffer, as a result

22   of Frost's misconduct outweighs any potential harm Frost may suffer as a result of the

23   injunctive relief that DC Risk seeks.

24   53.    Frost cannot be allowed to profit or benefit from the wrongful activities and

25   breaches of her fiduciary duties and, therefore, any fruits of those activities should be

26   held in constructive trust for the benefit of DC Risk.

27   WHEREFORE, Plaintiff DC RISK SOLUTIONS, INC. respectfully requests

28   that this Court enter judgment in its favor and against Defendant FROST, and for an

- 12 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    CASE NO.

1  Order:

2          (1) preliminarily and permanently enjoining Frost, and all others in active

3  concert or participation with her, from directly or indirectly soliciting or servicing

4  insurance business using any of the information taken and/or destroyed by Frost

5          (2) compelling Frost, and all others in active concert or participation with

6  her, including Lawson-Hawks, to retrieve and return all copies, whether in hard or

7  electronic form, of any portion of the DC Risk information, she removed, deleted, or

8  impaired;

9          (3) enjoining Frost's use or disclosure of same;

10          (4) awarding DC Risk its actual damages;

11          (5) awarding DC Risk the reasonable costs and attorneys' fees incurred in

12  bringing this action;

13          (6) imposing a constructive trust on all proceeds and commissions from

14  any business placed on behalf of Eskaton and Sutter Coast Hospital; and

15          (7) awarding any other legal or equitable relief that this Court deems

16  appropriate under the circumstances.

17  **COUNT IV**

18  **BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY**

19      55.    For its paragraph 54 of Count IV, DC Risk adopts and re-alleges

20  paragraphs 1-53 above as though fully set forth herein.

21      56.    Defendant Nancy Frost was employed by Plaintiff as Senior Vice President

22  in a position of trust and confidence in which she had access to client files, confidential

23  information, and trade secrets which she knew and agreed would remain confidential.

24  As Senior Vice President, Frost had substantial management discretion.  She was

25  responsible for managing the employee benefits division.  Frost had authority to

26  negotiate contracts on behalf of and contractually bind DC Risk without receiving prior

27  approval.  Frost negotiated and signed on behalf of the company DC Risk's consulting

28  agreement with Grays Harbor Community Hospital in Washington State.  Under this

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

        

1  consulting agreement, DC Risk agreed to review their employee benefits program to

2  determine whether and what cost saving measures could be implemented.  The

3  monetary value of this agreement to DC Risk in 2007 was approximately $12,000.00.

4  Furthermore, Frost negotiated and signed on behalf of the company contracts with

5  vendors for DC Risk clients for which DC Risk would be compensated.  These vendors

6  include, for example, Prescription Solutions and P5, a healthcare third party

7  administrator.  The issues that Frost negotiated with respect to these contracts included

8  commission percentages that DC Risk would receive.

9      57.    As a result of her employment position as Senior Vice President, Frost

10  owed fiduciary duties to DC Risk to work all times in the best interests of her employer

11  and not to place her own pecuniary gain above that of her employer or take actions

12  contrary to the interests of her employer.  Frost's activities as described above constitute

13  material breaches of her fiduciary duties.  These breaches include but are not limited to

14  (a) misappropriating and destroying DC Risk property and its confidential and trade

15  secret information; and (b) conspiring with Lawson-Hawks during her employment as to

16  which DC Risk clients to solicit and how Lawson-Hawks and/or Frost should do so.

17      58.    Plaintiff DC RISK is informed and believes that Defendant Frost performed

18  the acts described herein with malice, fraud, oppression and in bad faith and therefore is

19  liable for punitive damages.

20      59.    Frost's breaches of her fiduciary duties, as described above, have directly

21  and proximately caused DC Risk actual damages, including but not limited to

22  foreseeable lost commissions.

23      60.    Further, Frost's conduct as described above has irreparably harmed DC

24  Risk.  The monetary value of the loss of DC Risk's information cannot be ascertained or

25  compensated with monetary damages.  Specifically, there is no means of placing a

26  dollar value on:  the confidential information stolen by Frost; the competitive advantage

27  to DC Risk if the information had remained confidential; or the potential revenue Frost

28  would have enjoyed over the years but for Frost's breach.

- 14 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    CASE NO.

1      61.    The harm that DC Risk has suffered, and will continue to suffer, as a result

2   of Frost's misconduct outweighs any potential harm Frost may suffer as a result of the

3   injunctive relief that DC Risk seeks.

4      62.    Frost cannot be allowed to profit or benefit from the wrongful activities and

5   breaches of her fiduciary duties and, therefore, any fruits of those activities should be

6   held in constructive trust for the benefit of DC Risk.

7      WHEREFORE, Plaintiff DC RISK SOLUTIONS, INC. respectfully requests

8   that this Court enter judgment in its favor and against Defendant FROST, and for an

9   Order:

10      (1) preliminarily and permanently enjoining Frost, and all others in active

11   concert or participation with her, from directly or indirectly soliciting or servicing

12   insurance business using any of the information taken and/or destroyed by Frost

13      (2) compelling Frost, and all others in active concert or participation with

14   her, including Lawson-Hawks, to retrieve and return all copies, whether in hard or

15   electronic form, of any portion of the DC Risk information, she removed, deleted, or

16   impaired;

17      (3) enjoining Frost's use or disclosure of same;

18      (4) awarding DC Risk its actual damages;

19      (5) awarding DC Risk the reasonable costs and attorneys' fees incurred in

20   bringing this action;

21      (6) imposing a constructive trust on all proceeds and commissions from

22   any business placed on behalf of Eskaton, Palo Verdes, and Sutter Coast Hospital; and

23      (7) awarding any other legal or equitable relief that this Court deems

24   appropriate under the circumstances.

25                  **COUNT V**

26          **MISAPPROPRIATION OF TRADE SECRETS**

27      63.    For its paragraph 63 of Count V, DC Risk adopts and re-alleges

28   paragraphs 1-62 above as though fully set forth herein.

- 15 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

64.    At all times hereto, Plaintiff DC RISK was in possession of confidential and trade secret information as defined by California Civil Code Section 3426.1(d), including but not limited to client loss history, renewal information, client requirements, client renewal dates, and quotes and proposals to clients.

65.    Plaintiff's trade secrets derived independent economic value, both actual and potential, from not being generally known to other persons who can obtain economic value from their disclosure or use.  Plaintiff's confidential and trade secret information described herein is not and was not generally known to members of the public or, more specifically, to Plaintiff's competitors in the industry.  This information was subject to reasonable efforts to maintain its secrecy.

66.    Frost has misappropriated this protected information by:

(a) Taking all of her DC work product, client folders and information regarding actual and prospective DC Risk clients with her for use in her employment with a competitor of DC Risk;

(b) Deleting all information contained on Frost's DC Risk laptop relating to her past and pending DC Risk work, and prospective and actual DC Risk customers;

(c) Copying and/or utilizing said information for herself and/or persons other than DC Risk (e.g., Lawson-Hawks);

(d) Actively soliciting, with the aid of this DC Risk information, actual clients of DC Risk.

67.    Frost's misappropriation, as described above, has directly and proximately caused Frost actual damages, including foreseeable lost commissions.

68.    Further, Frost's conduct as described above has irreparably harmed DC Risk.  The monetary value of the loss of DC Risk's information cannot be ascertained or compensated with monetary damages.  Specifically, there is no means of placing a dollar value on:  the confidential information stolen by Frost; the competitive advantage to DC Risk if the information had remained confidential; or the potential revenue Frost would have enjoyed over the years but for Frost's breach.

- 16 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                          CASE NO.

1    69.    The harm that DC Risk has suffered, and will continue to suffer, as a result

2    of Frost's misconduct outweighs any potential harm Frost may suffer as a result of the

3    injunctive relief that DC Risk seeks.

4    70.    Frost cannot be allowed to profit or benefit from the wrongful activities and

5    breaches of her fiduciary duties and, therefore, any fruits of those activities should be

6    held in constructive trust for the benefit of DC Risk.

7    71.    At all times herein alleged, the acts of Defendant Frost were malicious,

8    fraudulent and oppressive, and were done with a conscious disregard of Plaintiff's rights,

9    all within the meaning of California Civil Code Section 3294, in that Defendant

10    misappropriated DC RISK's confidential and trade secret information intentionally and

11    knowingly and with a deliberate intent to injure Plaintiff's business and improve her own.

12    Therefore, Plaintiff is entitled to an award of punitive and/or exemplary damages in an

13    amount sufficient to punish or set an example of Defendant.

14    WHEREFORE, Plaintiff DC RISK SOLUTIONS, INC. respectfully requests

15    that this Court enter judgment in its favor and against Defendant FROST, and for an

16    Order:

17    (1) preliminarily and permanently enjoining Frost, and all others in active

18    concert or participation with her, from directly or indirectly soliciting or servicing

19    insurance business using any of the information taken and/or destroyed by Frost

20    (2) compelling Frost, and all others in active concert or participation with

21    her, including Lawson-Hawks, to retrieve and return all copies, whether in hard or

22    electronic form, of any portion of the DC Risk information, she removed, deleted, or

23    impaired;

24    (3) enjoining Frost's use or disclosure of same;

25    (4) awarding DC Risk its actual damages;

26    (5) awarding DC Risk the reasonable costs and attorneys' fees incurred in

27    bringing this action;

28    (6) imposing a constructive trust on all proceeds and commissions from

- 17 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    CASE NO.

1  any business placed on behalf of Eskaton, Palo Verdes Hospital, and Sutter Coast
2  Hospital; and

3        (7) awarding any other legal or equitable relief that this Court deems
4  appropriate under the circumstances.

5                              **COUNT VI**

6                    **STATUTORY UNFAIR COMPETITION**

7        76.    For its paragraph 76 of Count VI, DC Risk adopts and re-alleges
8  paragraphs 1-75 as though fully set forth herein.

9        78.    Frost owed DC Risk statutory duties as defined in Section 17200 of the
10  California Business and Professions Code not to unfairly compete with DC Risk.

11        79.    Frost's activities described above in Paragraphs 19-32 constitute material
12  breaches of her statutory duties.

13        80.    As a proximate result of the above-mentioned acts, Defendant Frost has
14  been unjustly enriched, entitling Plaintiff to restitution, disgorgement and/or equitable
15  relief.

16        81.    Frost's breaches of her statutory duties, as described above, have directly
17  and proximately caused DC Risk actual damages, including but not limited to
18  foreseeable lost commissions.

19        82.    Further, Frost's conduct as described above has irreparably harmed DC
20  Risk.  The monetary value of the loss of DC Risk's information cannot be ascertained or
21  compensated with monetary damages.  Specifically, there is no means of placing a
22  dollar value on:  the confidential information stolen by Frost; the competitive advantage
23  to DC Risk if the information had remained confidential; or the potential revenue Frost
24  would have enjoyed over the years but for Frost's breach.

25        83.    The harm that DC Risk has suffered, and will continue to suffer, as a result
26  of Frost's misconduct outweighs any potential harm Frost may suffer as a result of the
27  injunctive relief that DC Risk seeks.

28        84.    Frost cannot be allowed to profit or benefit from the wrongful activities and

- 18 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                    CASE NO.

1   breaches of her fiduciary duties and, therefore, any fruits of those activities should be

2   held in constructive trust for the benefit of DC Risk.

3          WHEREFORE, Plaintiff DC RISK SOLUTIONS, INC. respectfully requests

4   that this Court enter judgment in its favor and against Defendant FROST, and for an

5   Order:

6          (1) preliminarily and permanently enjoining Frost, and all others in active

7   concert or participation with her, from directly or indirectly soliciting or servicing

8   insurance business using any of the information taken and/or destroyed by Frost

9          (2) compelling Frost, and all others in active concert or participation with

10  her, including Lawson-Hawks, to retrieve and return all copies, whether in hard or

11  electronic form, of any portion of the DC Risk information, she removed, deleted, or

12  impaired;

13          (3) enjoining Frost's use or disclosure of same;

14          (4) awarding DC Risk restitution for the value of all information and

15  business taken from DC Risk and imposing a constructive trust on all proceeds and

16  commissions from any business placed on behalf of DC Risk clients, including Eskaton

17  and Sutter Coast Hospital;

18          (5) awarding DC Risk the reasonable costs and attorneys' fees incurred in

19  bringing this action;

20          (6) imposing a constructive trust on all proceeds and commissions from

21  any business placed on behalf of Eskaton, Palo Verdes Hospital, and Sutter Coast

22  Hospital; and

23          (7) awarding any other legal or equitable relief that this Court deems

24  appropriate under the circumstances.

25                                    **COUNT VII**

26                                   **CONVERSION**

27          85.    For its paragraph 85 of Count VII, DC Risk adopts and re-alleges

28  paragraph 1-84 above as though fully set forth herein.

                                        - 19 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                          CASE NO.

1    86.    DC Risk has a valid ownership interest in and right to possession of its

2    client information in that it was developed and created at DC Risk's expense, with the

3    use of DC Risk's resources, and under instruction to use it only for the exclusive benefit

4    of DC Risk.  Frost has removed and misappropriated confidential and trade secret

5    information of DC RISK, thereby unlawfully converting this material to her own use.

6    Frost engaged in this conduct without the permission of Plaintiff DC RISK.  The

7    converted material included but was not limited to client loss history, renewal

8    information, client requirements, client renewal dates, and quotes and proposals to

9    clients.

10    87.    Frost's wrongful possession of the material and information, rightfully

11    belonging to DC Risk, has directly and proximately caused DC Risk actual damages,

12    including foreseeable lost commissions.

13    88.    Defendant Frost's acts alleged herein were willful, wanton, malicious, and

14    oppressive, and entitled Plaintiff to an award of exemplary and punitive damages against

15    Defendant.  Further, after knowledge and notice was given to Frost, she has failed and

16    refused, and continues to fail and refuse, to return the converted material, providing a

17    further basis for an award of exemplary and punitive damages.

18    89.    Further, Frost's conduct as described above has irreparably harmed DC

19    Risk.  The monetary value of the loss of DC Risk's information cannot be ascertained or

20    compensated with monetary damages.  Specifically, there is no means of placing a

21    dollar value on:  the confidential information stolen by Frost; the competitive advantage

22    to DC Risk if the information had remained confidential; or the potential revenue Frost

23    would have enjoyed over the years but for Frost's breach.

24    90.    The harm that DC Risk has suffered, and will continue to suffer, as a result

25    of Frost's misconduct outweighs any potential harm Frost may suffer as a result of the

26    injunctive relief that DC Risk seeks.

27    91.    Frost cannot be allowed to profit or benefit from the wrongful activities and

28    breaches of her fiduciary duties and, therefore, any fruits of those activities should be

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 20 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                        CASE NO.

1    held in constructive trust for the benefit of DC Risk.

2            WHEREFORE, Plaintiff DC RISK SOLUTIONS, INC. respectfully requests

3    that this Court enter judgment in its favor and against Defendant FROST, and for an

4    Order:

5            (1) preliminarily and permanently enjoining Frost, and all others in active

6    concert or participation with her, from directly or indirectly soliciting or servicing

7    insurance business using any of the information taken and/or destroyed by Frost

8            (2) compelling Frost, and all others in active concert or participation with

9    her, including Lawson-Hawks, to retrieve and return all copies, whether in hard or

10   electronic form, of any portion of the DC Risk information, she removed, deleted, or

11   impaired;

12           (3) enjoining Frost's use or disclosure of same;

13           (4) awarding DC Risk its actual damages;

14           (5) awarding DC Risk the reasonable costs and attorneys' fees incurred in

15   bringing this action;

16           (6) imposing a constructive trust on all proceeds and commissions from

17   any business placed on behalf of Eskaton, Palo Verdes Hospital, and Sutter Coast

18   Hospital; and

19           (7) awarding any other legal or equitable relief that this Court deems

20   appropriate under the circumstances.

21                                **COUNT VIII**

22                            **UNJUST ENRICHMENT**

23           92.     For its paragraph 93 of Count VIII, DC Risk adopts and re-alleges

24   paragraphs 1-92 above as though fully set forth herein.

25           93.     Frost received a benefit from wrongfully removing and retaining DC Risk's

26   information.

27           94.     It would be unjust to allow Frost to retain the benefit from possession and

28   use of the material and information above because they attained it at little or no cost to

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 21 -

1   them.

2       95.    Frost's unjust enrichment has been to the detriment and damage of DC
3   Risk and proximately caused DC Risk actual damages, including but not limited to
4   foreseeable lost commissions.

5       96.    Further, Frost's conduct as described above has irreparably harmed DC
6   Risk.  The monetary value of the loss of DC Risk's information cannot be ascertained or
7   compensated with monetary damages.  Specifically, there is no means of placing a
8   dollar value on:  the confidential information stolen by Frost; the competitive advantage
9   to DC Risk if the information had remained confidential; or the potential revenue Frost
10  would have enjoyed over the years but for Frost's breach.

11      97.    The harm that DC Risk has suffered, and will continue to suffer, as a result
12  of Frost's misconduct outweighs any potential harm Frost may suffer as a result of the
13  injunctive relief that DC Risk seeks.

14      98.    Frost cannot be allowed to profit or benefit from the wrongful activities and
15  breaches of her fiduciary duties and, therefore, any fruits of those activities should be
16  held in constructive trust for the benefit of DC Risk.

17          WHEREFORE, Plaintiff DC RISK SOLUTIONS, INC. respectfully requests
18  that this Court enter judgment in its favor and against Defendant FROST, and for an
19  Order:

20          (1) preliminarily and permanently enjoining Frost, and all others in active
21  concert or participation with her, from directly or indirectly soliciting or servicing
22  insurance business using any of the information taken and/or destroyed by Frost

23          (2) compelling Frost, and all others in active concert or participation with
24  her, including Lawson-Hawks, to retrieve and return all copies, whether in hard or
25  electronic form, of any portion of the DC Risk information, she removed, deleted, or
26  impaired;

27          (3) enjoining Frost's use or disclosure of same;

28          (4) awarding DC Risk its actual damages;

- 22 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                    CASE NO.

1     (5) awarding DC Risk the reasonable costs and attorneys' fees incurred in

2     bringing this action;

3            (6) imposing a constructive trust on all proceeds and commissions from

4     any business placed on behalf of Eskaton, Palo Verdes, and Sutter Coast Hospital; and

5            (7) awarding any other legal or equitable relief that this Court deems

6     appropriate under the circumstances.

7

8     DATED:      June 12, 2008                    KAUFF MCCLAIN & MCGUIRE LLP

9

10                                          By:

11                                                  CHARLES L. THOMPSON IV

12                                          Attorneys for Plaintiff
                                            DC RISK SOLUTIONS, INC.

13

14
                              **REQUEST FOR JURY TRIAL**
15

16            Plaintiff requests trial by jury of each of its claims, to the extent available

      under applicable law.
17

18    DATED:      June 12, 2008                    KAUFF MCCLAIN & MCGUIRE LLP

19

20                                          By:

21                                                  CHARLES L. THOMPSON IV

22                                          Attorneys for Plaintiff
                                            DC RISK SOLUTIONS, INC.

23

24
                              **LOCAL RULE 3-16 CERTIFICATION**
25

26            Pursuant to Civil L.R. 3-16, the undersigned certifies that the following

      listed persons, association of persons, firms, partners, corporations (including parent
27
      corporations) or other entities (i) have a financial interest in the subject matter in
28

- 23 -

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET                COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                              CASE NO.
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

1   controversy or in a party to the proceeding, or (ii) have a non-financial interest in that

2   subject matter or in a party that could be substantially affected by the outcome of this

3   proceeding: DC Risk Solutions, Inc.

4

5   DATED:     June 12, 2008                    KAUFF MCCLAIN & MCGUIRE LLP

6

7                                              By: _____
                                                      CHARLES L. THOMPSON IV

8                                              Attorneys for Plaintiff
                                               DC RISK SOLUTIONS, INC.
9

10

11

12   4814-2152-1154.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAUFF McCLAIN &
McGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

**EXHIBIT A**

## EMPLOYMENT AGREEMENT

This Agreement is made by and between DC Risk Solutions, Inc., a California Corporation ("Employer"), and Nancy Frost("Employee") (collectively "the Parties"), and is effective on June 6, 2005.

Employer and Employee are willing to enter into this Agreement with respect to Employee's employment by Employer upon the terms, covenants and conditions set forth below. In consideration of the mutual promises set forth below the parties agree as follows:

1.      Position.  Employer agrees to retain Employee, and Employee agrees to serve Employer, in the position of Senior Vice-President.  Employee's employment with Employer is EMPLOYMENT "AT-WILL."  Employer and Employee understand that this means employment can be terminated at any time, with or without cause, by Employee or Employer. This "at-will" status cannot be modified except by written amendment to this agreement executed by the President of Employer.

2.      Duties.  During Employee's employment, Employee shall serve primarily as a producer of new business for Employer and will have the responsibility of generating a book of business consisting of commissions and fees generated from placing and consulting on insurance and insurance related matters.  In addition, Employer may, from time to time, request that Employee perform designated administrative tasks for the Company.

3      Extent of Services.  Employee shall devote her full time, attention and energies to the business of Employer, and shall not engage, directly or indirectly, in any other business activity, except personal investments, without the prior written consent of Employer.

4      Compensation.  Employer agrees to pay Employee a base salary of $135,000 per year, prorated for any partial year of employment.  This salary shall be paid in bi-monthly installments in accordance with Employer's normal payroll procedure.  Any increase in salary shall be at the sole discretion of Employer.  Employee is also eligible to receive a bonus depending on the achievement of certain benchmarks and performance objectives as described in Addendum "A" attached hereto which is expressly made a part of this Agreement.

5.      Confidential Information.  Employee acknowledges and agrees that Employer engages in a highly competitive business and that Employer's successful operations and the conduct of its business require that certain information be kept confidential, and that Employer's confidential information would not be disclosed to Employee were it not for Employee's position of trust and confidence by virtue of her employment by Employer, and the necessity to disclose such information to Employee for the purposes of such employment. Employee agrees that during the term of this Agreement, and at any time thereafter, she will not disclose, other than as required by her duties hereunder, to any person, governmental entity, firm or corporation any customer lists, customer information, pricing information, financial information, or any other confidential information or trade secrets relating to the business of Employer.

Employee acknowledges that the nature of her employment with Employer is such that it will bring her into contact with Employer's present and potential customers and will

SF 1763 Re [s.]

enable her to acquire valuable information as to the nature and character of Employer's business and its customers. Employee acknowledges that customers developed by Employee are a part of Employer good will, a property right of Employer. Employer and Employee agree that this property can and, under the terms of this Agreement, shall be protected.

Employee acknowledges that in the course of her employment at Employer, she will be exposed to trade secrets and information, the protection of which is of vital importance to Employer business. All information, whether written or not, regarding Employer business, is presumed to be confidential. Examples of confidential information include, but are not limited to, information as to any of Employer customers, prices, sales techniques, estimating and pricing systems, internal cost controls, processes and methods, product planning and development programs, marketing plans, product information, inventions, trade secrets, and technical and business concepts related to the business, whether devised or invented in whole or in part by Employee and whether or not reduced to practice. Employee recognizes that Employer is willing to disclose such confidential information to employee only under the terms and conditions set forth herein.

6.      Nondisclosure. Employee agrees that she has not and will not, directly or indirectly, at any time disclose any trade secret or confidential information of EMPLOYER to others, which she has obtained in the course of her employment with EMPLOYER. Employee has not and shall not use any such trade secrets or confidential information for her own personal use or advantage, or make such secrets or information available for use by others. Violation of this provision shall entitle EMPLOYER to pursue all appropriate legal remedies. Nothing in this Agreement shall prevent Employee from using her general knowledge, skill, and experience in gainful employment by a third party after her employment with EMPLOYER.

7.      (a)      Nonsolicitation. The Employee hereby covenants and agrees that, during the term specified in Paragraph 7(b) below, the Employee (and her agents and employees) will not (except as required herein), directly or indirectly, either for herself or for any other person, firm or corporation:

(i) call upon, solicit, accept orders from or attempt to call upon, solicit or accept orders from any of the customers of the Employer;

(ii) solicit any employee of Employer to work for a competitor of Employer.

(b)      Term of Covenant. The nonsolicitation covenant specified above shall be in effect so long as the Employee is employed by the Employer.

Employee understands that the use of Employer's trade secret information is prohibited under California law as set out in the Uniform Trade Secrets Act. In addition to the prohibitions listed above, Employee cannot, at any time, including at any point following termination of employment:

(I)      utilize Employer's trade secrets to call upon, solicit, accept orders from or attempt to call upon, solicit or accept orders

300061-1
SF/1263301v1

> from, or enter into any business relationship with any of the customers of the Employer;
>
> (ii)  utilize Employer's trade secrets to solicit any employee of Employer to work for a competitor of Employer.

8.  Remedies for Breach. Employee acknowledges and agrees that the covenants contained in Paragraphs 5, 6, and 7 ("Confidential Information," "Nondisclosure," and "Nonsolicitation") are essential for the protection of the trade secrets, confidential business information, customer relationships, goodwill and the competitive position of Employer, each of which is valuable, special and unique, and Employer will be seriously and irreparably damaged by any violation of Paragraphs 5, 6, and 7 and that the remedies at law for any breach of Paragraphs 5, 6, and 7 will be inadequate. Employee acknowledges that Employer, in addition to any other relief available to it, shall be entitled to temporary and permanent injunctive relief without bond and without the necessity of proving actual damage. In the event that the provisions of this Agreement shall ever be deemed to exceed the limitations permitted by applicable law, then the parties hereto agree that such provision shall be reformed to set forth the maximum limitations permitted to make the provisions enforceable.

9.  Policies and Procedures. Employee agrees to adhere to all EMPLOYER policies and procedures as currently set forth and as may, from time to time, be changed by EMPLOYER management.

10.  Benefits. Employer does not currently have a benefits program and Employee shall not receive benefits. In the event that Employer shall institute a benefits plan, Employee shall be entitled to the same EMPLOYER benefits (medical, leave, 401k, etc.) as other employees who are similarly situated. Employee understands that Employer does not currently provide a paid vacation benefit.

11.  Entire Agreement. This Agreement contains the entire agreement of Employer and Employee. Any and all representations, inducements, promises or agreements, oral or otherwise, of Employer and Employee which are not set forth herein, or in a written amendment hereof executed by Employer and Employee, shall not be of any force or effect, and shall not be binding on either Employer or Employee.

12.  Nonassignability. This Agreement shall not be assignable in whole or part by Employee.

13.  Governing Law. This Agreement and the rights and obligations of Employer and Employee hereunder shall be construed, interpreted and determined by the laws of the State of California.

14.  Headings. The section headings are for convenience only and do not in any way define, limit, or describe the scope of this Agreement or the intent or content of any provision thereof.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the date above written. By her signature, Employee acknowledges that she has been provided ample

300061-1
SF/126330 1v1

opportunity to read this Agreement, has read and fully understood it, and has been provided with a copy of it.

*Nancy Frost*
Employee

*Nancy Frost*

DC Risk Solutions, Inc.

by    *Shawn Evans*
Shawn Evans
President

### ADDENDUM "A"

Employee is eligible to receive a bonus payment. Eligibility for the bonus is based upon the attainment of revenue targets for new business attributable to Employee. In this instance, the revenue target that must be achieved is 200% of annual salary. In calculating the bonus, the revenue will be measured by all new business for which revenue is received after June 6, 2005.

Employee will not earn any bonus until the revenue target of 200% of her annual salary is earned in a given year. This one year period shall be measured from anniversary date, to anniversary date. Upon attainment of this revenue target, Employee will receive of fifty percent (50%) of the calculated profit on any of employee's accounts in excess of the revenue target. Calculated profit shall be determined based upon the total revenue from the account less the total expenses incurred from servicing the account.

In the event that Employee terminates this agreement, Employer shall have no obligation to make any bonus payment and no further obligation to make any payment under section 4 (compensation) of the Agreement.

In the event that Employer terminates this agreement based upon a material breach by Employee, Employer shall have no obligation to make any bonus payment and no further obligation to make any payment under section 4 (compensation) of the Agreement.

If Employer terminates this agreement for any other reason, Employer will prorate any bonus based upon the period employed.

Once Employee has become elegible for a bonus, such bonus will be paid on a quarterly basis, at the end of the month following the quarter when the bonus was earned.

300061-1
SF1263301v1

**EXHIBIT  B**

February 18, 2008

Julie Feller
Human Resources Director
Grays Harbor Community Hospital
915 Anderson Drive
Aberdeen, WA 98520

**RE: Nancy Frost; Departure from DC Risk Solutions**

Dear Julie;

Because of the nature of our professional relationship over the last several years, I wanted to formally notify you that I have left the employ of DC Risk Solutions. While I appreciate, in every regard, the opportunities afforded to me at DC Risk Solutions, I simply felt that it was time for me to move in a different direction professionally.

I want to thank you for your trust and confidence and permitting me to serve as your Employee Benefits Consultant and Broker. The relationships that I have developed over the last twenty years in this business are some of my most valued. They have played a very big part in my professional growth and development.

As to moving on, I have chosen to affiliate with **Lawson-Hawks Insurance Associates, Inc.,** (LHI) a highly regarded Insurance Brokerage with over seventy years of experience in Risk Management, Employee Benefits and Financial Services Consulting. While its corporate offices are in Mountain View, California, LHI has a physical presence throughout much of the West and serves a global client base.

Of particular interest to me in making this career change is LHI's acclaimed Healthcare-Specific Practice which accentuates exemplary client servicing and provides me with a level of support that frees me to be a greater resource to my clients. I anticipate a much greater capability to provide clients with a depth of personnel and resources for their Employee Benefits issues.

It has been a pleasure working with you and I certainly wish you well in the future. If I can be of any assistance, do not hesitate to contact me at your convenience. I can be reached at **650.814.9534.** Please note, this is a new cell number for me.

Again, thank you for the opportunity to be of service to you.

Very Truly Yours,

Nancy Frost

Nancy Frost

LHI 00643

□ AO 440 (Rev. 04/08) Civil Summons

# UNITED STATES DISTRICT COURT
for the
Northern District of California

E-filing

DC RISK SOLUTIONS, INC.
                                          )
            Plaintiff                     )
               v.                         )        Civil Action No.
NANCY FROST, an individual,               )
                                          )
            Defendant                     )    CV  08        2948

*BZ*

**Summons in a Civil Action**

To: *(Defendant's name and address)*
    NANCY FROST
    309 2ⁿᵈ Avenue, #3
    San Francisco, California

    3381 22ⁿᵈ Street
    San Francisco, California

A lawsuit has been filed against you.

        Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:
Charles L. Thompson IV
Kauff McClain & McGuire LLP
One Post Street, Suite 2600
San Francisco, CA 94104

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Richard W. Wieking

Name of clerk of court

**JUN 1 2 2008**

Date:

**Helen L. Almacen**

Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

4838-3476-4290.1

American LegalNet, Inc.
www.FormsWorkflow.com