CHARLES L. THOMPSON IV (State Bar No. 139927)
Email: thompson@kmm.com
CORINN JACKSON (State Bar No. 239275)
Email: jackson@kmm.com
KAUFF MCCLAIN & MCGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone:  (415) 421-3111
Facsimile:  (415) 421-0938

Attorneys for Plaintiff
DC RISK SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC RISK SOLUTIONS, INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NANCY FROST, an individual, and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendant. | CASE NO. C08-02948 SI<br><br>[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE<br><br>**DEPT:**　10; 19th Floor<br>**JUDGE:**　Hon. Susan Ilston<br><br>**COMPLAINT FILED:**　June 12, 2008<br>**TRIAL DATE:**　No date set. |

　　　　Plaintiff's Application for a Temporary Restraining Order and for an Order to Show Cause ("OSC") re Preliminary Injunction came on for hearing before this Court on _____, 2008, the Honorable Susan Ilston presiding.

　　　　Having read and considered the pleadings, evidence, and other papers submitted by the parties and having entertained oral argument on Plaintiff's Application, the Court hereby makes the following findings of fact and conclusions of law based on the existing record regarding Plaintiff's entitlement to a temporary restraining order and OSC re preliminary injunction.

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CASE NO. C08-02948 SI

## FINDINGS OF FACT

1. DC Risk Solutions, Inc. ("DC Risk") is an insurance broker that provides wholesale and retail insurance products.

2. DC Risk hired Nancy Frost as Senior Vice-President on or about June 6, 2005. Her primary responsibility was to provide employee benefit consulting services.

3. DC Risk and Nancy Frost entered into an Employment Agreement on or about June 6, 2005. The Agreement included provisions regarding confidential information (Section 5), disclosure of confidential information (Section 6), and prohibition of solicitation using confidential and/or trade secret information to solicit DC Risk clients (Section 7).

4. As Senior Vice-President, Frost had ready access to DC Risk's confidential and trade secret information. This information included but is not limited to the following: (1) the identities of each of DC Risk's clients; (2) the product lines that DC Risk provided to each client; (3) the "loss history" of each client; (4) quotes that DC Risk obtained from carriers with respect to particular clients; (5) commissions charged by DC Risk to clients; (6) renewal dates; (7) contact information; and (8) services that DC Risk intends to offer clients (collectively, the "protected information").

5. This information was not generally known to the public or the insurance brokerage industry or readily obtainable.

6. This information is of economic value to DC Risk and provides it with a commercial advantage over competitors.

7. DC Risk took reasonable steps to maintain the confidentiality of this information. DC Risk required employees to sign agreements that included confidentiality, nondisclosure, and nonsolicitation provisions. DC Risk also required its employees to use password protected computers on which the information was contained.

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CASE NO. C08-02948 SI

8. Frost did not have authority to access any computer, including her DC Risk laptop, or the protected information for her own account or that of a competitor. Nor did Frost have the authority to delete or tamper with any DC Risk-related information, data or documents resident thereon.

9. On February 6, 2008, Frost received an employment from Lawson-Hawks Insurance Associates ("Lawson-Hawks"). Lawson-Hawks is a direct competitor of DC Risk.

10. On February 18, 2008, her last date of employment with DC Risk, Frost received a proposal from Sutter Health Wellness ("SHW"). Frost was aware that DC Risk would be presenting this proposal to its client, Eskaton, on February 29, 2008. Frost did not make DC Risk aware that she had received the proposal. Instead, she deleted it from her company-issued laptop.

11. On February 18, 2008, while still employed by DC Risk, Frost asked Prescription Solutions to send reports about DC Risk client Eskaton to her home address. On that same date, Frost asked Prescription Solutions for Eskaton's User ID and Password so that she could access Eskaton's information directly from the internet. She asked for the User ID and Password at 4:11 p.m., approximately 5 minutes before she gave DC Risk written notification of her resignation.

12. On February 18, 2008, at 4:16 p.m., Frost gave DC Risk notice that she would be resigning effective the following day. She began employment with Lawson-Hawks Insurance Associates one day later, on February 19, 2008. Lawson-Hawks is a competitor of DC Risk.

13. On February 18, 2008, while still employed by DC Risk, Frost sent letters to DC Risk clients notifying them that she was leaving DC Risk and joining Lawson-Hawks. In these letters, Frost asked DC Risk clients to contact her if she could be of any assistance and provided DC Risk clients with her new cell phone number. The DC Risk clients to which she sent these letters included Eskaton, Palo Verde Hospital, and Sutter Coast Hospital.

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

- 3 -

[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CASE NO. C08-02948 SI

14. On February 19, 2008, Frost contacted Eskaton. During her discussion, Frost confirmed that Eskaton had received her letter dated February 18, 2008.

15. On February 19, 2008, Sutter Coast Hospital contacted Frost as a result of having received Frost's letter dated February 18, 2008.

16. On February 19, 2008, DC Risk learned that all client-related emails had been deleted from Frost's DC Risk e-mail account.

17. On February 19, 2008, DC Risk sent Frost correspondence in which it asked her to return all DC Risk client files. The letter also reminded Frost of her obligations under her employment agreement regarding confidential and/or trade secret information.

18. DC Risk learned that almost all client-related information had been deleted from the laptop that DC Risk issued Frost. On February 20, 2008, DC Risk retained McQuillen Consulting to determine the extent of the damage to DC Risk's laptop and data. DC Risk also retained California Data Recovery to conduct a more detailed forensic examination of the laptop.

19. During the time period February 19-21, DC Risk clients Eskaton, Palo Verde Hospital, and Sutter Coast Hospital notified DC Risk that they were changing their broker of record from DC Risk to Lawson-Hawks.

20. There is an imminent threat that Frost will use DC Risk's information to compete against it.

## CONCLUSIONS OF LAW

21. The Court has subject matter jurisdiction over the Plaintiff's claim for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §1030, et seq. It has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. §1367.

- 4 -

[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CASE NO. C08-02948 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

22. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1) and (a)(2), and the Court has personal jurisdiction over the Defendant.

23. DC Risk has made a prima facie showing that Frost, by intentionally deleting information from her company-issued laptop in order to deprive DC Risk of the information, has violated the CFAA.

24. DC Risk has made a prima facie showing that Frost's actions constitute a breach of fiduciary duty owed to DC Risk.

25. DC Risk has made a prima facie showing that Frost is and was subject to a valid and binding Employment Agreement that contained valid and binding confidentiality and non-solicitation provisions.

26. DC Risk has made a prima facie showing that Frost's actions breached and continue to breach the Employment Agreement.

27. DC Risk has made a prima facie showing that the information it seeks to protect constitutes trade secret information under the California Uniform Trade Secrets Act ("UTSA"). DC Risk also has made a prima facie showing that Frost misappropriated the information in violation of the UTSA.

28. DC Risk has made a prima facie showing that Frost's actions constitute unfair competition under California Business & Professions Code Section 17200, et seq.

29. DC Risk has made a prima facie showing that Frost intentionally interfered with its contractual relations with Eskaton, Palo Verde Hospital, and Sutter Coast.

30. Based on the factual showing made in DC Risk's Application, the Court concludes that DC Risk is likely to succeed on the merits of its claims against Frost for: (1) violation of the CFAA; (2) breach of fiduciary duty; (3) breach of contract; (4) violation of UTSA; (5) statutory unfair competition; and (6) intentional interference with contractual relations.

- 5 -

[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CASE NO. C08-02948 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

31. DC Risk has demonstrated both irreparable injury and a significant threat of future irreparable should injunctive relief not be granted, including the deprivation of the use and value of its confidential information and other computer data, the competitive advantage DC Risk would have continued to enjoy had its confidential information remained confidential, and the ability to further develop business from its clients unencumbered by Frost's unfair competition.

32. The loss of DC Risk's information, the loss of DC Risks' competitive advantage and goodwill, and loss of the ability to fairly develop business from its information cannot be reasonably ascertained or compensated by money damages.

33. The Defendant will not suffer cognizable hardship if the Court grants the injunctive relief sought by DC Risk, because the issuance of an injunction will prevent Frost only from competing unfairly with DC Risk, and will require merely compliance with the CFAA, adherence to the Employment Agreement, and preclude Defendant Frost only from taking actions that would be unlawful.

34. Accordingly, the balance of the hardships weighs in favor of granting injunctive relief.

Based on the foregoing Findings of Fact and Conclusions of Law, and good cause appearing,

IT IS HEREBY ORDERED THAT

I.

## TEMPORARY RESTRAINING ORDER

A. For the reasons set forth above in the Findings of Fact and Conclusions of Law, the Court finds the necessary elements for a temporary restraining order under Rule 65 of the federal Rules of Civil Procedure have been satisfied, and Plaintiff's Application for a Temporary Restraining Order is GRANTED.

B. It is hereby ordered that Defendant Frost and all other persons in active concert or participation who receive notice of this Order are hereby:

- 6 -

[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CASE NO. C08-02948 SI

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

(1) prohibited from directly or indirectly soliciting or servicing business using information that it obtained while employed by DC Risk;

(2) required to identify all information regarding DC Risk clients of which she maintained a copy in any form as of the date her resignation became effective;

(3) ordered to return by_____, 2008, all copies, whether in hard or electronic form, of any portion of the protected information as defined above, and any other information removed or deleted from DC Risk's offices or computer equipment, that is in their possession, custody or control;

(4) prohibited from using or disclosing any of the protected information and any other information removed or deleted from DC Risk's offices or computer equipment; and

(5) ordered to hold and maintain any commissions received or receivable from any DC Risk client, including Eskaton, Palo Verde Hospital, and Sutter Coast Hospital, in constructive trust and not to disburse or use those funds.

C. This Temporary Restraining Order shall remain in effect until its expiration on _____, 2008, at _____ p.m.

D. This Order shall become effective immediately and remain effective as indicated above provided that Plaintiff has posted a bond with the Clerk of the Court in the amount of _____ for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

II.

## ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

A. Plaintiff's Application for an OSC re Preliminary Injunction is hereby GRANTED.

B. Defendant is ordered to appear on _____, 2008, at _____ a.m./p.m. in this Court, then and there to show why a preliminary injunction

- 7 -

KAUFF MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

CASE NO. C08-02948 SI

1 should not be entered against it which would contain the same proscriptions as set forth
2 above in Section I(B).
3     C.    Plaintiff shall serve and file any further papers in support of its
4 Application for Preliminary Injunction on or before _____, 2008. Defendant
5 shall serve and file any papers opposing that Application on or before
6 _____, 2008. Any reply to such opposition shall be filed and served by
7 hand delivery by _____, 2008, and a courtesy copy to be delivered to this
8 Court on the same date.
9 DATED:    June ____, 2008

_____
SUSAN ILLSTON
JUDGE OF THE UNITED STATES
DISTRICT COURT

4813-1137-2546.1

[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO SHOW CAUSE                CASE NO. C08-02948 SI

KAUFF MCCLAIN &
MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111