Gregory R. de la Peña (SBN 126626)
Keith L. Cooper (SBN 175741)
DE LA PEÑA & MCDONALD LLP
785 Market Street, 14th Floor
San Francisco, CA 94103
Telephone: (415) 227-4100
Facsimile: (415) 227-4116
gdelapena@dlpmcd.com
kcooper@dlpmcd.com

Attorney for Defendant
NANCY FROST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC RISK SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NANCY FROST, an individual, and DOES 1 through 100, inclusive, <br><br> Defendant. | CASE NO.: C 08-02948 SI <br><br> **NANCY FROST'S OBJECTIONS TO DC RISK SOLUTIONS, INC.'S EVIDENCE SUBMITTED IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** <br><br> JUDGE: Hon. Susan Ilston <br><br> Complaint Filed: June 12, 2008 <br> Trial Date: No Date Set |

Defendant NANCY FROST (hereinafter "Frost") hereby objects to the inadmissible evidence submitted by plaintiff DC RISK SOLUTIONS, INC. (hereinafter "DC Risk") in support of Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction as follows:

**DECLARATION OF SHAWN EVANS**

Paragraph 7, page 3:12-15. Shawn Evan's statement that "DC Risk has incurred more than $5000.00 in damages in determining the extent to which Frost damaged the laptop and destroyed company information" constitutes improper legal argument and lacks any demonstration of Mr.

14375                                        -1-

Evan's competence to so declare. (Fed. Rules of Evid. 602 and 701.)

Paragraph 7, pages 3:15-16. Shawn Evan's statement that "DC Risk initially retained McQuillen Consulting to determine the extent to which Frost [sic] to determine the extent of damage" constitutes improper legal argument and lacks demonstration of Mr. Evan's competence to so declare. (Fed. Rules of Evid. 602 and 701.)

Paragraph 6, page 3:9-10. Shawn Evan's statement that "Frost used the company laptop in interstate commerce, including negotiating a consulting agreement for DC Risk with Grays Harbor Community Hospital in Washington State constitutes improper legal argument and lacks demonstration of Mr. Evan's competence to so declare. (Fed. Rules of Evid. 602 and 701.)

## DECLARATION OF BEVERLY THOMAS

Paragraph 4, page 1:22-23. Beverly Thomas' statement that "[a]ll emails except internal company emails, meaning those that were to and/or from Frost and other DC Risk employees, had been deleted" constitutes improper legal argument and lacks demonstration of Ms. Thomas' competence to so declare. (Fed. Rules of Evid. 602 and 701.)

Paragraph 4, page 1:23-24. Beverly Thomas' statement that "[a]ll client contacts had been deleted" constitutes improper legal argument and lacks demonstration of Ms. Thomas' competence to so declare. (Fed. Rules of Evid. 602 and 701.)

Paragraph 8, page 3:1-3. Beverly Thomas' statement that "[a]s a result of my February 19, 2008, email to Sutter Health Partners, Mary Anna Weklar left me a voicemail saying that she had provided the proposal to Nancy Frost the previous day (February 18)" constitutes impermissible hearsay. (Fed. Rule of Evid. 802.)

Paragraph 8, page 3:4-6. Beverly Thomas' statement that "[s]ubsequently, DC Risk was able to confirm that Ms. Frost had received the proposal in an email from Sutter Health Partners on February 18, 2008, at 12:11 p.m." constitutes improper legal argument and lacks demonstration of Ms. Thomas' competence to so declare. (Fed. Rules of Evid. 602 and 701.)

Paragraph 8, page 3:7-8. Beverly Thomas' statement that Nancy Frost "deleted from her computer the email from Sutter Health Partners containing the proposal" constitutes improper legal argument and lacks demonstration of Ms. Thomas' competence to so declare. (Fed. Rules of Evid. 602 and 701.)

Exhibit D, Paragraph 8, page 3:8-11. Beverly Thomas' statement regarding Exhibit D is improper and inadmissible as is the document itself. Ms. Thomas' lacks the ability to authenticate a document she neither authored nor received. (Fed. Rule of Evid. 901.) Ms. Thomas also lacks competence to declare the authenticity of this document. (Fed. Rule of Evid. 602.)

Paragraph 10, page 3:25-26. Beverly Thomas' statement that Nancy Frost "deleted the February 11 email from her computer and never told DC Risk about it" constitutes improper legal argument and lacks demonstration of Ms. Thomas' competence to so declare. (Fed. Rules of Evid. 602 and 701.)

Paragraph 11, page 4:4-12 and Exhibit F. Beverly Thomas' statement regarding the contents of an email string contained in Exhibit F constitutes improper legal argument and lacks demonstration of Ms. Thomas' competence to so declare. (Fed. Rules of Evid. 602 and 701.) Additionally, such statement constitutes improper hearsay and double hearsay. (Fed. Rule of Evid. 802.) Beverly Thomas' statement regarding Exhibit F is improper and inadmissible as is the document itself. Ms. Thomas' lacks the ability to authenticate a document she neither authored nor received. (Fed. Rule of Evid. 901.) Ms. Thomas also lacks competence to declare the authenticity of this document. (Fed. Rule of Evid. 602.)

Paragraph 14, pages 4:22-5:3 and Exhibit A. Beverly Thomas' statement regarding McQuillen's uploading of documents to DC Risk's server and that she found an email from Jon Hilgers to Frost constitutes improper legal argument and lacks demonstration of Ms. Thomas' competence to so declare. (Fed. Rules of Evid. 602 and 701.) Additionally, such statement

constitutes improper hearsay and double hearsay. (Fed. Rule of Evid. 802.) Beverly Thomas' statement regarding Exhibit A is improper and inadmissible as is the document itself. Ms. Thomas' lacks the ability to authenticate a document she neither authored nor received. (Fed. Rule of Evid. 901.) Ms. Thomas also lacks competence to declare the authenticity of this document. (Fed. Rule of Evid. 602.)

Paragraph 15, page 5:9-10. Beverly Thomas' statement that "[a] competitor also would find a client's loss history to be extremely valuable" constitutes improper legal argument and lacks demonstration of Ms. Thomas' competence to so declare. (Fed. Rules of Evid. 602 and 701.)

Paragraph 17, page 5:1-3. Beverly Thomas' statement that she "determined the extent of damage that Frost had done to her DC Risk laptop by erasing DC Risk information" constitutes improper legal argument and lacks demonstration of Ms. Thomas' competence to so declare. (Fed. Rules of Evid. 602 and 701.)

DATED: July 9, 2008                    DE LA PEÑA & MCDONALD, LLP

                                       By _____
                                       Gregory R. de la Peña
                                       Attorneys for Defendant
                                       NANCY FROST