Gregory R. de la Peña (SBN 126626)
Keith L. Cooper (SBN 175741)
DE LA PEÑA & MCDONALD LLP
785 Market Street, 14th Floor
San Francisco, CA  94103
Telephone:  (415) 227-4100
Facsimile:  (415) 227-4116
gdelapena@dlpmcd.com
kcooper@dlpmcd.com

Attorney for Defendant
NANCY FROST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DC RISK SOLUTIONS, INC., <br><br> DC RISK, <br><br> v. <br><br> NANCY FROST, an individual, and DOES 1 through 100, inclusive, <br><br> Defendant. | CASE NO.:  C 08-02948 SI <br><br> **DEFENDANT NANCY FROST'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Defendant NANCY FROST ("FROST") hereby submits her answer to plaintiff DC RISK Solutions, Inc.'s ("DC RISK") Complaint For Damages And Injunctive Relief ("Complaint"):

1.    In answer to paragraph 1 of the Complaint, FROST admits that DC RISK seeks the relief set forth therein.  Except as expressly admitted, FROST denies the remaining allegations of paragraph 1.

2.    In answer to paragraph 2 of the Complaint, FROST denies each and every allegation of paragraph 2.

3.    In answer to paragraph 3 of the Complaint, FROST is without sufficient knowledge or information to form a belief as to the truth of the allegations therein contained, and on that basis,

DE LA PEÑA & MCDONALD LLP
785 Market street, 14th floor
San Francisco, CA  94103
Tel. (415) 227-4100 Fax. (415) 227-4116

denies said allegations.

4.    In answer to paragraph 4 of the Complaint, FROST admits that she is a resident of the state of California and presently resides in San Francisco, California. Except as expressly admitted, FROST denies the remaining allegations of paragraph 4.

5.    In answer to paragraph 5 of the Complaint, FROST denies the allegations of paragraph 5.

6.    In answer to paragraph 6 of the Complaint, FROST denies the allegations of paragraph 6 on the basis of its denial that this Court has jurisdiction in this action.

7.    In answer to paragraph 7 of the Complaint, FROST is without sufficient knowledge or information to form a belief as to the truth of the allegations as to DC RISK's current services, and on that basis, denies said allegations.

8.    In answer to paragraph 8 of the Complaint, FROST admits that FROST joined DC RISK on or about June 6, 2005 as Senior Vice-President. FROST expressly denies that her primary responsibility was to provide employment benefit services to DC RISK clients. FROST admits the remaining allegations of paragraph 8.

9.    In answer to paragraph 9 of the Complaint, FROST admits the allegations of paragraph 9.

10.    In answer to paragraph 10 of the Complaint, FROST admits that she had access to some of the information set in paragraph 10 during her employment with DC RISK. FROST denies that much of the information identified in paragraph 10 was DC RISK's confidential and trade secret information.

11.    In answer to paragraph 11 of the Complaint, FROST denies the allegations of paragraph 11.

12.    In answer to paragraph 12 of the Complaint, FROST admits that some of the information set forth in paragraph 10 was not generally known to the public or the insurance industry, and that some of the information was not readily obtainable. FROST denies that that certain of the information set forth in paragraph 10 was not generally known to the public or the

DE LA PEÑA & McDONALD LLP
785 Market street, 14th floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax. (415) 227-4116

insurance industry, and alleges that some of the information was readily obtainable. Except as admitted and denied above, FROST admits the remaining allegations of paragraph 12.

13.    In answer to paragraph 13 of the Complaint, FROST admits that some of the information set forth in paragraph 10 to which paragraph 13 refers has value to DC RISK. FROST denies that that certain of the information referred to in paragraph 10 was not generally known to the public or the insurance industry, and alleges that some of the information was readily obtainable. FROST further denies that she accessed or recorded for her own use any information that constituted legitimate confidential trade secrets of DC RISK.

14.    In answer to paragraph 14 of the Complaint, FROST denies the allegations of paragraph 14 that DC RISK took reasonable steps to protect the confidentiality of information. Except as expressly denied, FROST admits the remaining allegations of paragraph 14.

15.    In answer to paragraph 15 of the Complaint, FROST denies the allegations of paragraph 15.

16.    In answer to paragraph 16 of the Complaint, FROST admits the allegations of paragraph 16.

17.    In answer to paragraph 17 of the Complaint, FROST admits the allegations of paragraph 17.

18.    In answer to paragraph 18 of the Complaint, FROST admits the allegations of paragraph 18.

19.    In answer to paragraph 19 of the Complaint, FROST denies the allegations of paragraph 19.

20.    In answer to paragraph 20 of the Complaint, FROST admits the allegations of paragraph 20.

21.    In answer to paragraph 21 of the Complaint, FROST is without sufficient knowledge or information to form a belief as to the truth of the allegations that she received the email identified or the proposal, and on that basis, denies said allegation. FROST denies that Eskaton was a client of DC RISK or that she became aware of and familiar with Sutter Health Wellness as a

DE LA PEÑA & McDONALD LLP
785 Market street, 14ᵗʰ floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax: (415) 227-4116

1   result of her employment with DC RISK. FROST also denies that she became aware of Eskaton's

2   receptivity to hearing and learning about these services only as a result of her employment with DC

3   RISK and denies that DC RISK was scheduled to present the potential services to Eskaton on

4   February 29, 2008.

5       22.    In answer to paragraph 22 of the Complaint, FROST denies each and every

6   allegation of paragraph 22.

7       23.    In answer to paragraph 23 of the Complaint, FROST admits the allegations of

8   paragraph 23.

9       24.    In answer to paragraph 24 of the Complaint, FROST denies that she prepared and

10  mailed letters of solicitation to DC RISK clients, denies that she used DC RISK time and/or

11  resources to prepare and send the letters. FROST admits that the letters she sent included the

12  language quoted in paragraph 24 and that a copy of one of the letters is attached to the Complaint at

13  Exhibit B. Except as expressly admitted, FROST denies the remaining allegations of paragraph 24.

14      25.    In answer to paragraph 25 of the Complaint, FROST admits the allegations of

15  paragraph 25.

16      26.    In answer to paragraph 26 of the Complaint, FROST admits the allegations of

17  paragraph 26.

18      27.    In answer to paragraph 27 of the Complaint, FROST admits that all e-mail folders of

19  her and DC RISK clients, except one, were empty. Except as expressly admitted, FROST denies

20  the remaining allegations of paragraph 27.

21      28.    In answer to paragraph 28 of the Complaint, FROST denies that she unlawfully

22  solicited Eskaton or that Lawson-Hawks spoke with Eskaton "on Frost's behalf." Except as

23  expressly denied, FROST admits the remaining allegations of paragraph 28.

24      29.    In answer to paragraph 29 of the Complaint, FROST is without sufficient knowledge

25  or information to form a belief as to the truth of the allegations therein contained, and on that basis,

26  denies said allegations.

27      30.    In answer to paragraph 30 of the Complaint, FROST is without sufficient knowledge

28

DE LA PEÑA & McDONALD LLP
785 Market street, 14th floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax. (415) 227-4116

or information to form a belief as to the truth of the allegations therein contained, and on that basis, denies said allegations.

31.    In answer to paragraph 31 of the Complaint, FROST is without sufficient knowledge or information to form a belief as to the truth of the allegations therein contained, and on that basis, denies said allegations.

32.    In answer to paragraph 32 of the Complaint, FROST denies each and every allegation of paragraph 32.

33.    In answer to paragraph 33 of the Complaint, FROST realleges and incorporates herein by reference her responses to paragraphs 1 through 32.

34.    In answer to paragraph 34 of the Complaint, FROST denies each and every allegation of paragraph 34.

35.    In answer to paragraph 35 of the Complaint, FROST denies each and every allegation of paragraph 35.

36.    In answer to paragraph 36 of the Complaint, FROST denies each and every allegation of paragraph 36.

37.    In answer to paragraph 37 of the Complaint, FROST denies each and every allegation of paragraph 37.

38.    In answer to paragraph 38 of the Complaint, FROST realleges and incorporates herein by reference her responses to paragraphs 1 through 37.

39.    In answer to paragraph 39 of the Complaint, FROST admits that she executed an employment agreement with DC RISK and that a copy of the agreement is attached to the Complaint as Exhibit A. Except are herein expressly admitted, FROST denies the remaining allegations of paragraph 39.

40.    In answer to paragraph 40 of the Complaint, FROST admits that she agreed not to disclose or use any of DC RISK's confidential and trade secrets after her employment ended. FROST further admits that she agreed "not to solicit DC RISK's customers" or use DC RISK's confidential and trade secrets. Except are herein expressly admitted, FROST denies the remaining

DE LA PEÑA & McDONALD LLP
785 Market street, 14th floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax. (415) 227-4116

DE LA PEÑA & McDONALD LLP
785 Market street, 14ᵗʰ floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax. (415) 227-4116

1    allegations of paragraph 40.

2        41.    In answer to paragraph 41 of the Complaint, FROST denies each and every

3    allegation of paragraph 41.

4        42.    In answer to paragraph 42 of the Complaint, FROST denies each and every

5    allegation of paragraph 42.

6        43.    In answer to paragraph 43 of the Complaint, FROST denies each and every

7    allegation of paragraph 43.

8        44.    In answer to paragraph 44 of the Complaint, FROST denies each and every

9    allegation of paragraph 44.

10       45.    In answer to paragraph 45 of the Complaint, FROST denies each and every

11   allegation of paragraph 45.

12       46.    In answer to paragraph 46 of the Complaint, FROST realleges and incorporates

13   herein by reference her responses to paragraphs 1 through 45.

14       47.    In answer to paragraph 47 of the Complaint, FROST admits that DC RISK has

15   established economic relationships with various clients that economically benefit DC RISK and

16   some of which FROST became aware during her employment with DC RISK. FROST expressly

17   denies that Eskaton and Palo Verdes were among such clients. Except as herein admitted, FROST

18   denies the remaining allegations of paragraph 47.

19       48.    In answer to paragraph 48 of the Complaint, FROST denies each and every

20   allegation of paragraph 48.

21       49.    In answer to paragraph 49 of the Complaint, FROST denies each and every

22   allegation of paragraph 49.

23       50.    In answer to paragraph 50 of the Complaint, FROST denies each and every

24   allegation of paragraph 50.

25       51.    In answer to paragraph 51 of the Complaint, FROST denies each and every

26   allegation of paragraph 51.

27       52.    In answer to paragraph 52 of the Complaint, FROST denies each and every

28

allegation of paragraph 52 and specifically denies that DC RISK has suffered harm as a consequence of FROST's conduct.

53.    In answer to paragraph 53 of the Complaint, FROST denies each and every allegation of paragraph 53.

54.    DC RISK's Complaint is missing a paragraph 54.

55.    In answer to paragraph 55 of the Complaint, FROST realleges and incorporates herein by reference her responses to paragraphs 1 through 53.

56.    In answer to paragraph 56 of the Complaint, FROST admits that she was employed by DC RISK with the title Senior Vice President and that she had access to certain client files, confidential information, and trade secrets. FROST denies that she exercised substantial management discretion and denies that she negotiated a consulting agreement on behalf of DC RISK with Grays Harbor Community Hospital, as the agreement was specifically reviewed and approved by Shawn Evans before FROST signed it. FROST admits that she managed "the employee benefit division" but alleges that the division consisted solely of her. FROST denies that she "negotiated...commission percentages that DC RISK would receive" with any vendors or carriers. Except as expressly admitted and alleged, FROST denies the remaining allegations of paragraph 56.

57.    In answer to paragraph 57 of the Complaint, FROST admits that she owed DC RISK fiduciary duties to pursue the best interests of DC RISK as her employer. Except as herein expressly admitted, FROST denies the remaining allegations of paragraph 57.

58.    In answer to paragraph 58 of the Complaint, FROST denies each and every allegation of paragraph 58.

59.    In answer to paragraph 59 of the Complaint, FROST denies each and every allegation of paragraph 59.

60.    In answer to paragraph 60 of the Complaint, FROST denies each and every allegation of paragraph 60.

61.    In answer to paragraph 61 of the Complaint, FROST denies each and every

allegation of paragraph 61 and specifically denies that DC RISK has suffered harm as a consequence of FROST's conduct.

62.    In answer to paragraph 62 of the Complaint, FROST denies each and every allegation of paragraph 62.

63.    In answer to paragraph 63 of the Complaint, FROST realleges and incorporates herein by reference her responses to paragraphs 1 through 62.

64.    In answer to paragraph 64 of the Complaint, FROST admits the general allegation that DC RISK is in possession of some confidential and trade secret information. FROST denies that all the information DC RISK appears to include in those categories is DC RISK's confidential and trade secret information.

65.    In answer to paragraph 65 of the Complaint, FROST admits that some of the information set forth in paragraph 64 was not generally known to the public or DC RISK's competitors. Except as admitted, FROST denies the remaining allegations of paragraph 65.

66.    In answer to paragraph 66 of the Complaint, FROST denies each and every allegation of paragraph 66.

67.    In answer to paragraph 67 of the Complaint, FROST denies each and every allegation of paragraph 67.

68.    In answer to paragraph 68 of the Complaint, FROST denies each and every allegation of paragraph 68.

69.    In answer to paragraph 69 of the Complaint, FROST denies each and every allegation of paragraph 69 and specifically denies that DC RISK has suffered harm as a consequence of FROST's conduct.

70.    In answer to paragraph 70 of the Complaint, FROST In answer to paragraph 61 of the Complaint, FROST denies each and every allegation of paragraph 70.

71.    In answer to paragraph 71 of the Complaint, FROST denies each and every allegation of paragraph 71.

72.    DC RISK's Complaint is missing a paragraph 72.

DE LA PEÑA & McDONALD LLP
785 Market street, 14th floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax (415) 227-4116

DEFENDANT NANCY FROST'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DE LA PEÑA & MCDONALD LLP

785 Market street, 14th floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax. (415) 227-4116

73.    DC RISK's Complaint is missing a paragraph 73.

74.    DC RISK's Complaint is missing a paragraph 74.

75.    DC RISK's Complaint is missing a paragraph 75.

76.    In answer to paragraph 76 of the Complaint, FROST realleges and incorporates herein by reference her responses to paragraphs 1 through 71.

77.    DC RISK's Complaint is missing a paragraph 77.

78.    In answer to paragraph 78 of the Complaint, FROST denies each and every allegation of paragraph 78.

79.    In answer to paragraph 79 of the Complaint, FROST denies each and every allegation of paragraph 79.

80.    In answer to paragraph 80 of the Complaint, FROST denies each and every allegation of paragraph 80.

81.    In answer to paragraph 81 of the Complaint, FROST denies each and every allegation of paragraph 81and specifically denies that DC RISK has suffered damages in any sum.

82.    In answer to paragraph 82 of the Complaint, FROST denies each and every allegation of paragraph 82 and specifically denies that DC RISK has suffered any damages whatsoever.

83.    In answer to paragraph 83 of the Complaint, FROST denies each and every allegation of paragraph 83 and specifically denies that DC RISK has suffered any damages whatsoever.

84.    In answer to paragraph 84 of the Complaint, FROST denies each and every allegation of paragraph 84.

85.    In answer to paragraph 85 of the Complaint, FROST realleges and incorporates herein by reference her responses to paragraphs 1 through 84.

86.    In answer to paragraph 86 of the Complaint, FROST denies that it has a valid ownership interest or right to possession of information respecting clients who were brought to DC RISK through Wesley Justyn and FROST's relationship. FROST further denies that she has

removed and/or misappropriated confidential and trade secret information of DC RISK or unlawfully converted materials to her own use. FROST further denies that she engaged in conduct with respect to clients introduce to DC RISK through the FROST-Justyn relationship without permission from DC RISK and that the allegedly converted materials are those identified in paragraph 86.

87.    In answer to paragraph 87 of the Complaint, FROST denies each and every allegation of paragraph 87 and specifically denies that DC RISK has suffered any damages whatsoever.

88.    In answer to paragraph 88 of the Complaint, FROST denies each and every allegation of paragraph 88.

89.    In answer to paragraph 89 of the Complaint, FROST denies each and every allegation of paragraph 89 and specifically denies that DC RISK has suffered any damages whatsoever.

90.    In answer to paragraph 90 of the Complaint, FROST denies each and every allegation of paragraph 90 and specifically denies that DC RISK has suffered any damages whatsoever.

91.    In answer to paragraph 91 of the Complaint, FROST denies each and every allegation of paragraph 90.

92.    In answer to paragraph 92 of the Complaint, FROST realleges and incorporates herein by reference her responses to paragraphs 1 through 91.

93.    In answer to paragraph 93 of the Complaint, FROST denies each and every allegation of paragraph 93.

94.    In answer to paragraph 94 of the Complaint, FROST denies each and every allegation of paragraph 94.

95.    In answer to paragraph 95 of the Complaint, FROST denies each and every allegation of paragraph 95 and specifically denies that DC RISK has suffered any damages whatsoever.

DE LA PEÑA & McDONALD LLP
785 Market street, 14th floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax. (415) 227-4116

96. In answer to paragraph 96 of the Complaint, FROST denies each and every allegation of paragraph 96 and specifically denies that DC RISK has suffered any damages whatsoever.

97. In answer to paragraph 97 of the Complaint, FROST denies each and every allegation of paragraph 97 and specifically denies that DC RISK has suffered any damages whatsoever.

98. In answer to paragraph 98 of the Complaint, FROST denies each and every allegation of paragraph 98.

## FIRST AFFIRMATIVE DEFENSE

(Discretion to Decline exercise of Jurisdiction)

The Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 (c) (2) in this case because state court claims "predominate over the claim" under 18 U.S.C. § 1030 over which the Court has original jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

(Discretion to Decline exercise of Jurisdiction)

The Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 (c) (4) in this case because DC RISK has engaged in forum shopping having filed and then dismissed a virtually identical action in the San Francisco Superior Court, *DC RISK v. Nancy Frost*, San Francisco Superior Court Civil No. CGC 08-472555.

## THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim for relief)

Count I of DC RISK's Complaint fails to state a claim under 18 U.S.C. § 1030 upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to State a Claim for relief)

Count VI of DC RISK's Complaint fails to state a claim for statutory unfair competition upon which relief can be granted.

DE LA PEÑA & McDONALD LLP
785 Market street, 14th floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax (415) 227-4116

**DE LA PEÑA & MCDONALD LLP**
785 Market street, 14th floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax. (415) 227-4116

## FIFTH AFFIRMATIVE DEFENSE

(Material Does Not Constitute Trade Secret)

The documents claimed by DC RISK to be trade secrets are not trade secrets because (i) the content of such documents has been publicly disseminated or is publicly available and therefore cannot qualify as a trade secret; (ii) DC RISK did not derive an "independent economic value" from the alleged trade secrets not being generally known to the public or to other persons who can obtain economic value from their disclosure or use; and/or (iii) DC RISK has failed to undertake reasonable efforts to maintain the secrecy of their alleged trade secrets.

## SIXTH AFFIRMATIVE DEFENSE

(Lack of Standing)

DC RISK lacks standing to assert any trade secret claim against FROST.

## SEVENTH AFFIRMATIVE DEFENSE

(Laches)

DC RISK's claims are barred on the grounds of laches.

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

DC RISK's claims are barred on the equitable grounds of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Comparative Fault)

DC RISK's claim is barred, or the amount of recoverable damages should be reduced by, DC RISK's own comparative fault.

## TENTH AFFIRMATIVE DEFENSE

(Privilege)

The actions alleged to support DC RISK's cause of action for Intentional Interference with Contractual Relations are privileged and justified by fair competition. To the extent DC RISK's Complaint alleges interference with business relations, DC RISK's conduct was further privileged

DEFENDANT NANCY FROST'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   because DC RISK did not employ wrongful means and acted only to protect herself from being

2   prejudiced by the relation.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Authorization)

5   FROST's alleged actions were either explicitly or implicitly authorized by DC RISK.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Independent Development)

8   FROST independently developed the information alleged in the Complaint to constitute a

9   trade secret.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

12   DC RISK's claims are barred, in whole or in part, as a result of DC RISK's failure to

13   mitigate its own damages; and DC RISK is barred from recovering for those losses avoidable by

14   reasonable efforts.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Parol Evidence)

17   DC RISK's claims are barred, in whole or in part, by the Parol Evidence Rule.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Statute of Frauds)

20   DC RISK's claims are barred, in whole or in part, by the Statute of Frauds.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Fraud in inducement)

23   FROST was induced to enter into an employment agreement with DC RISK on the basis of

24   representations made to her by Shawn Evans, president of DC RISK, that she could continue to

25   work with Wesley Justyn, then affiliated with another broker, that Mr. Justyn and FROST generated

26   clients would be her clients and "housed" at DC RISK during her employment with DC RISK, and

27   that, if FROST chose to leave DC RISK to join Mr. Justyn at a later date, she was free to take her

DE LA PEÑA & MCDONALD LLP
785 Market street, 14th floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax. (415) 227-4116

1   "housed" clients with her.

**SEVENTEETH AFFIRMATIVE DEFENSE**

(Mistake of Fact)

FROST realleges and incorporates herein the allegations of her FIFTEENTH AFFIRMATIVE DEFENSE. There was no employment contract as alleged by DC RISK because she was mistaken about the terms of her employment as reflected by the alleged employment contract. DC RISK knew FROST was mistaken and used that mistake to take advantage of her. FROST's mistake was not caused by her excessive carelessness, and FROST would not have agreed to enter into the contract if she had known about the mistake.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Bilateral Mistake)

FROST realleges and incorporates herein the allegations of her FIFTEENTH AFFIRMATIVE DEFENSE. FROST claims there was no employment contract as alleged because both parties were mistaken about the terms of DC RISK's employment. FROST would not have agreed to enter into this contract if she had known about the mistake.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Waiver)

FROST did not have to perform her obligations under the employment contract because DC RISK freely and knowingly gave up its right to have FROST perform these obligations.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Novation)

The original contract with DC RISK cannot be enforced because the parties agreed to cancel the original contract and substitute a new and different contract in its place.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Good Faith)

DEFENDANT NANCY FROST'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DE LA PEÑA & McDONALD LLP
785 Market street, 14th floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax. (415) 227-4116

DE LA PEÑA & MCDONALD LLP
785 Market street, 14th floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax. (415) 227-4116

1    FROST affirmatively alleges that she acted in good faith at all times material hereto

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Right to Possession)

FROST did not wrongfully control or exercise control over DC RISK's personal property.
At all times, FROST dealt with DC RISK's property with DC RISK's consent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Fair business Act and Practice)

At no time has FROST engaged in unfair competition or any unlawful, unfair or fraudulent
business act or practice.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

FROST affirmatively alleges that DC RISK did not satisfy the conditions precedents
pursuant to the documents executed by the parties and as such FROST is not liable for any amount
claimed by the DC RISK in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Causation)

DC RISK is not entitled to any recovery from FROST because no act or omission of
FROST was the cause in fact or the proximate cause of any damage to DC RISK.

WHERFORE, FROST prays for judgment as follows:

1.    That DC RISK take nothing by its complain and that judgment be entered in favor of
FROST;

2.    That FROST recover her costs of suit herein; and

3.    For such other and further relief as the Court deems just and proper.

DE LA PEÑA & McDONALD LLP
785 Market street, 14ᵗʰ floor
San Francisco, CA 94103
Tel. (415) 227-4100 Fax. (415) 227-4116

1    DATED:  July 11, 2008                    DE LA PEÑA & McDONALD LLP

2

3                                      By

4                                          Keith L. Cooper
                                           Attorneys for Defendant
5                                          NANCY FROST

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14409                                - 16 -                    CASE NO.:  C 08-02948 SI